UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                              Criminal No. 07-186 MJD/AJB

　　　　　　Plaintiff,

v.                                                     **REPORT AND RECOMMENDATION**

MICHAEL SCOTT WAHLSTROM,

　　　　　　Defendant.


　　William Otteson, Esq., Andrew Dunne, Esq., and Andrew Winter, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

　　James R. Behrenbrinker, Esq., for the defendant, Michael Scott Wahlstrom.


　　This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on July 9, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Defendant presented motions for discovery and disclosure and suppression of evidence. The magistrate judge issued an Order on Motions dated July 11, 2007, reserving defendant's motion to suppress statements [Docket No. 13] for submission to the district court by Report and Recommendation. Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

　　On January 3, 2007, at approximately 4:00 p.m., Brooklyn Park Police Detective Rielly Nordan, along with other members of the Anoka/Hennepin Drug Task Force, executed a search warrant (Hearing Exh. No. 2) at a location in St. Paul, Minnesota, that is further described in the

supporting affidavit as the residence of defendant Michael Wahlstrom.  Initial entry into the home was made by the St. Paul Police SWAT team.  The location, as well as persons of the defendant and several guests, had been secured when Detective Nordan went inside shortly after the initial entry. Defendant Wahlstrom was separated from the other secured persons and was taken to the basement of the residence in a effort to obtain a recorded statement.  The defendant was quite upset and emotionally distraught at this time because the entry team had shot and killed his dog.  After being brought to the basement Mr. Wahlstrom made some initial statements that were not recorded and were not preceded by a <u>Miranda</u> warning.  Those statements were not the product of threats or promises and there is no evidence that the statements were the product of questioning by officers.[1]  After 20 to 30 minutes the defendant had calmed down somewhat, and he was read the <u>Miranda</u> rights advisory from a preprinted form.  The defendant indicated that he understood his rights and agreed to speak with Detective Nordan and Detective Melcher.  The interview was recorded from the time the <u>Miranda</u> warning was given until the interview was finished (Hearing Exh. No. 1).[2]  No threats or promises were made to induce defendant to make statements to officers and during the course of the interview defendant Wahlstrom made no request that questioning cease or that he be permitted to consult with an attorney. Though the defendant's demeanor remained angry and emotional, and his answers to questions were

---

[1] No testimony or argument was presented with respect to the nature or content of pre-<u>Miranda</u> statements, and the government gave no indication at hearing that it intends to offer such statements at trial.

[2] The interview recording is approximately 10 minutes in duration.  The recording was transferred from micro-cassette to CD format.  The officer's questions are generally clear though the defendant's responses are largely inaudible.  A transcript of the interview had not been prepared at the time of the hearing though at the conclusion of questioning the officer indicated to the defendant that a transcript would be prepared.

quite terse, he understood the events as they were occurring, and he did not appear to be impaired by drugs or alcohol. Mr. Wahlstrom gave no indication to officers that he was impaired or disinclined to speak with them under circumstances such that the warrant execution was taking place on his birthday, that he was high on drugs, or that his dog had just been killed.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Suppression of interview statements made to officers by defendant Michael Wahlstrom is not required. Task Force Officer Reilly Nordan properly advised defendant of his constitutional rights pursuant to <u>Miranda</u> prior to questioning and the defendant knowingly, willingly, and voluntarily agreed to speak to law enforcement officers and provide answers and statements in response to questioning. Statements were not unlawfully solicited in violation of defendant's right to remain silent and right to have an attorney present during questioning, and there is no basis for suppression of defendant's statements.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

**RECOMMENDATION**

It is hereby recommended that defendant Michael Scott Wahlstrom's Motion for Suppression of Statements be **denied** [Docket No. 28].

Dated:     July 11, 2007

　　　　　　　　　　　　　　　　　　　　　　　　s/ Arthur J. Boylan

                   Arthur J. Boylan
                   United States Magistrate Judge

    Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 24, 2007.

    Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.