UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.     **MEMORANDUM OF LAW & ORDER**
Criminal File No. 07-186 (MJD/AJB)

(1) MICHAEL SCOTT WAHLSTROM,

      Defendant.

David P. Steinkamp, Assistant United States Attorney, Counsel for Plaintiff.

Michael Scott Wahlstrom, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant Michael Scott Wahlstrom's request for compassionate release. [Docket No. 134]

## II. BACKGROUND

On January 17, 2008, Defendant Michael Scott Wahlstrom pled guilty to Counts 1 through 7 of the 7-count Superseding Indictment: Count 1, Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846;

1

Count 2, Possession with Intent to Distribute 30 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count 3, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1); Count 4, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count 5, Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count 6, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and Count 7, Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On December 16, 2008, the Court sentenced Defendant to a term of imprisonment of 384 months, to be followed by a term of 5 years supervised release.  On January 3, 2017, his custodial sentence was reduced to 327 months.

On April 30, 2021, Defendant filed a current Motion to Appoint Counsel and request for compassionate release.  [Docket No. 134]  The Court granted both parties' requests for extensions and denied Defendant's request for appointment of counsel.  [Docket Nos. 137, 141]  The Court now turns to Defendant's request for compassionate release.

**III.   DISCUSSION**

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. § 1B1.13.  Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community, and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has not exhausted administrative remedies. On that basis alone, the Court can deny Defendant's request.

Even if Defendant had exhausted administrative remedies, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to a medical condition to warrant relief. Defendant has certain medical conditions that increase his risk of complications from COVID-19. However, he is fully vaccinated and is incarcerated at Sheridan FCI, where there is currently only one active COVID-19 case among the inmates. All inmates have been offered vaccination, and most of the Sheridan FCI inmates are fully vaccinated

against COVID-19.  The Court concludes that Defendant has wholly failed to show extraordinary circumstances.

Additionally, the Court holds that Defendant has also failed to demonstrate that he is no longer a danger to the community.  Defendant was convicted of a serious drug trafficking and firearms offenses and, during the prosecution of his case, attempted to hire someone to murder the wife of the Assistant United States Attorney prosecuting his case.  A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a).  A sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law, or provide a just punishment.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's request for compassionate release [Docket No. 134] is **DENIED**.


Dated:  November 10, 2021           s/Michael J. Davis
                                                      Michael J. Davis
                                                      United States District Court